**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

SANDRA SANTOS, *on behalf of herself,*
*FLSA Collective Plaintiffs, and Class Members,*

      Plaintiff,

  v.

LIDL US, LLC d/b/a LIDL,

      Defendant.

**Case No.**:

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff SANDRA SANTOS ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Collective and Class Action Complaint against Defendant LIDL US, LLC d/b/a LIDL and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), she and others similarly situated are entitled to recover from Defendant: (1) unpaid wages, including overtime, due to time-shaving; (2) liquidated damages; and (3) attorneys' fees and costs.

2. Plaintiff alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendant: (1) unpaid wages, including

overtime, due to timeshaving, (2) compensation for late payment of wages; (3) liquidated damages; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to, 28 U.S.C. § 1343 and pursuant to 28 U.S.C. §1332 as the parties are citizens of different states, Plaintiff in New York and Defendants are incorporated in Delaware with a principal place of business in Virginia. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff SANDRA SANTOS is a resident of Suffolk County, New York.

6. Defendant LIDL US, LLC d/b/a LIDL is a foreign corporation, organized under the laws of the State of Delaware and authorized to do business in the State of New York, with a principal place of business address located at 3500 S Clark St, Arlington, VA 22202 and an address for service of process at c/o Corporation Service Company, 80 State Street, Albany, NY 12207.

7. At all relevant times, Defendant was and is an "enterprise[s] engaged in commerce" within the meaning of the NYLL, and regulations thereunder.

8. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

9. At all relevant times, the work performed by Plaintiff was directly essential to the businesses operated by Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including,

but not limited to, Cashiers, Stockers, and Self-Checkout Associates, who Defendant scheduled to work opening shifts which began before their stores opened for business, employed by Defendant on or after the date that is three (3) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

11. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all of which have culminated in a willful failure and refusal to pay Plaintiff and other FLSA Collectives for all hours worked, including overtime premiums at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, due to Defendant's policies of timeshaving. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

12. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

### RULE 23 CLASS ALLEGATIONS

13. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons, including, but not limited to, Cashiers, Stockers, and Self-Checkout Associates employed by Defendant on or after the date that is 6 years before the filing of the Complaint in this case as defined herein (the "Class Members" or the "Class").

14. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. 23.

15. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendant, there is no doubt that there are more than 40 members of the Class.

16. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendant, as alleged herein, of late compensation of wages.

17. The Class further includes a subclass of employees throughout New York State, who Defendant scheduled to work opening shifts which began before Defendant's business hours, and were victims of Defendant's timeshaving policies which affected employees who worked these shifts (the "Opening Subclass" or "Opening Subclass Members"). The Opening Subclass includes more than 40 members. Plaintiff is a member of both the Class and the Opening Subclass.

18. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each

Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and the Opening Subclass, and has no interests antagonistic to the Class or the Opening Subclass. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided

by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendant and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendant employed Plaintiff and Class Members within the meaning of the NYLL;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay Plaintiff and the Class Members properly;

   c) At what common rate, or rates subject to common methods of calculation, were and are Defendant required to pay Plaintiff and Class Members for their work;

   d) Whether Defendant properly notified Plaintiff and Class Members of their regular hourly rate and overtime rate;

   e) Whether Defendant properly compensated Plaintiff and Opening Subclass Members for all hours worked;

   f) Whether Defendant timely compensated Plaintiff and Class Members; and

g) Whether Defendant provided wage notices, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the NYLL.

## STATEMENT OF FACTS

23. In or around July 2021, Plaintiff was hired by Defendant to work as a Store Clerk and Stocker. For Plaintiff's training period, which lasted six (6) weeks, Plaintiff worked at Defendant's LIDL store located at 725 Sunrise Hwy, West Babylon, NY 11704. After training, Plaintiff was transferred to Defendant's LIDL store located at 531 Montauk Hwy, West Babylon, NY 11704 location. Plaintiff's employment with Defendant was terminated on or around November 21, 2021.

24. Throughout her employment, Plaintiff was scheduled to work four (4) days per week, Mondays, Wednesdays, Fridays, and Saturdays, for ten (10) hours per day from 5:00 a.m. to 3:00 p.m., for a total of forty (40) hours per week.

25. Throughout her employment, Plaintiff was compensated by Defendant at an hourly rate of sixteen dollars and fifty cents ($16.50) per hour.

*Plaintiff's and Class Members' Late Compensation Claims*:

26. Throughout Plaintiff's employment, Defendant regularly failed to pay Plaintiff's and Class Members' wages within seven (7) days of the end of the weeks in which they were earned, in violation of NYLL § 191(1)(a)(i). Defendant would compensate Plaintiff and Class Members on a bi-weekly basis despite the NYLL requiring employees like Plaintiff and Class Members be compensated on a weekly basis. Therefore, Plaintiff and Class Members are owed liquidated damages equal to the late payment of wages and accrued interest on the delayed payments.

27. As a Store Clerk and Stocker, well over 50% of Plaintiff's job duties consisted of the following: (i) standing for long periods of time, (ii) walking, (iii) bending, (iv) reaching with hands and arms, and (v) lifting and moving up to twenty-five (25) pounds worth of goods. Class Members engaged in similar activities for a similar percentage of their time working.

28. Under New York Labor Law, all 'manual worker(s)' must be paid on a weekly basis. Pursuant to the New York State Department of Labor, manual workers include non-exempt employees who spend more than twenty-five percent (25%) of their working time performing physical labor. Here, all of Defendant's employees who worked in New York State were paid bi-weekly regardless of their positions or duties.

29. Further, manual workers generally include those employees, like Plaintiff and Class Members, whose labor is easily interchangeable with other able-bodied individuals. As workers earning only slightly above minimum wage, the jobs market itself demonstrates the interchangeability of Plaintiff and Class Members. NYLL §191 was passed to protect individuals in the types of low-wage, interchangeable jobs occupied by Plaintiff and Class Members. Plaintiff and Class Members hold positions with Defendant that are easily trained and may be easily replaced by other able-bodied workers. The ease of replacement and low-wages of Plaintiff and Class Members make them dependent upon their weekly earnings. This dependence and lack of job security places Plaintiff and Class Members directly in the category of workers that NYLL intended to protect by ensuring they receive their wages on a weekly basis.

30. That Plaintiff and Class Members were engaged in easily trained, easily replaceable positions is clearly demonstrated by their earnings. Throughout her employment, Plaintiff earned $16.50 per hour, a figure lower than the average individual employed in New York State as a

janitor, pest control worker, tree trimmer, lawn supervisor, or waiter.[1] Employees in those positions in New York State earned over $19.00 per hour on average. The jobs market itself demonstrates that Plaintiff and Class Members, who worked in New York State for or around $16.50 per hour, were not employed in a highly skilled position. Given the low-wages of Plaintiff and Class Members and realities of Class Member's daily work, Class Members must be afforded the protections provided under NYLL §191.

31. Due to Defendant's improper, untimely bi-weekly payments, Plaintiff would struggle to timely pay her own bills. Plaintiff would be forced to pay bills late as she waited for her owed compensation to become available. Class Members would similarly struggle to timely pay debts due to Defendant's untimely compensation policies.

*Plaintiff's, FLSA Collective Plaintiffs', and Opening Subclass Members' Timeshaving Claims:*

32. Throughout Plaintiff's employment, Defendant failed to pay Plaintiff, FLSA Collective Plaintiffs, and Opening Subclass Members for all hours of required work.

33. Plaintiff was scheduled to work opening shifts which began at 5:00 a.m., before Defendant's stores are open for business. FLSA Collective Plaintiffs and Opening Subclass Members were similarly scheduled to work opening shifts which began before their respective stores' hours of business. However, Defendant required all employees, including Plaintiff, FLSA Collective Plaintiffs, and Opening Subclass Members, to arrive to work fifteen (15) minutes before the start of all scheduled shifts.

34. Whenever Plaintiff, FLSA Collective Plaintiffs, and Opening Subclass Members arrived to work before their scheduled start times, Defendant's stores are still locked from the night before. Employees must wait for the scheduled opening Manager to arrive, unlock the store, and

---

[1] https://www.bls.gov/oes/current/oes370000.htm; https://www.bls.gov/oes/current/oes353031.htm#st

grant access to the employees. Once employees are granted entry into their stores, they are then able to access their timeclock machines and clock-in for work. Employees cannot clock-in without entering their stores and accessing the timeclock machines within them.

35. Although Plaintiff personally arrived to work before her scheduled start of 5:00 a.m. as required by Defendant, the scheduled opening Manager regularly did not arrive until 5:00 a.m. or after. Because Plaintiff could not clock-in until Defendant's managers arrived, Plaintiff was not paid for any time spent waiting for her opening managers to arrive. FLSA Collective Plaintiffs and Opening Subclass Members were similarly regularly unable to clock-in upon their personal arrivals due to their stores being locked, and were not paid by Defendant for all time spent off-the-clock waiting for their managers to arrive and unlock the store.

36. Defendant knew that Plaintiff, FLSA Collective Plaintiffs, and Opening Subclass Members were being timeshaved regularly. Defendant required these employees to arrive to work 15 minutes before their scheduled shift start times, and Defendant's managers could see that all opening employees at a given location were collectively unable to clock-in despite complying with Defendant's rules about arriving 15 minutes early to their shifts. Defendant was aware of this failure to pay Plaintiff and Opening Subclass Members for all time spent waiting to clock-in and wrongfully chose not to provide reimbursement.

37. Defendant's opening Managers were late to unlock their stores approximately once per week. For Plaintiff, this resulted in fifteen (15) minutes of unpaid wages every week of her employment. This resulted in unpaid overtime for Plaintiff for the 5 weeks of October 22, 2021 through November 19, 2021.

38. Plaintiff retained Lee Litigation Group, PLLC to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

39. Plaintiff reavers and realleges by reference all allegations in all the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

40. At all relevant times, Defendant was and continues to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

41. At all relevant times, Defendant employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

42. At all relevant times, Defendant had gross annual revenues in excess of $500,000.

43. At all relevant times, Defendant had a policy and practice of failing to pay wages to Plaintiff and FLSA Collective Plaintiffs for all hours worked.

44. At all relevant times, Defendant willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to time-shaving.

45. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due. Defendant knowingly and willfully disregarded the provisions of FLSA as evidenced by their failure to compensate

Plaintiff and FLSA Collective Plaintiffs for all hours worked when Defendant knew or should have known such was due.

46. At all relevant times, Defendant had a policy and practice of failing to pay the proper overtime premiums to Plaintiff and FLSA Collective Plaintiffs for their hours worked.

47. Defendant failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

48. As a direct and proximate result of Defendant's willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

49. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

50. Plaintiff realleges and reavers by reference all allegations in all the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

51. At all relevant times, Plaintiff and Class Members were employed by Defendant within the meaning of the NYLL §§ 2 and 651.

52. Defendant willfully violated Plaintiff's and Class Members' rights by failing to pay them their wages within seven days of the end of the week in which they were earned, in violation of NYLL § 191(1)(a)(i).

53. At all relevant times, Defendant had a policy and practice of failing to pay Plaintiff and Opening Subclass Members the full amount of overtime due under the NYLL.

54. Defendant willfully violated the rights of Plaintiff and Opening Subclass Members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek due to time shaving.

55. Due to the Defendant's NYLL violations, Plaintiff and Class Members are entitled to recover from Defendant their unpaid wages, including overtime, due to time shaving; damages for unreasonably delayed payments; reasonable attorneys' fees; and costs and disbursements of the action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime, due to time shaving under the FLSA and the NYLL;

d. An award of liquidated damages and interest for each late payment of wages pursuant to NYLL § 191(1)(a)(i);

e. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay proper wages, including overtime compensation, pursuant to the FLSA and the NYLL;

f.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

g.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

h.  Designation of this action as a class action pursuant to F.R.C.P. 23;

i.  Designation of Plaintiff as Representative of the Class and the Opening Subclass; and

e.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 26, 2024　　　　　　　　　　　　　　Respectfully submitted,
　　　　New York, New York　　　　　　　　By:　*/s/ C.K. Lee*
　　　　　　　　　　　　　　　　　　　　　　　　　C.K. Lee, Esq. (CL 4086)

　　　　　　　　　　　　　　　　　　　　　　　　**LEE LITIGATION GROUP, PLLC**
　　　　　　　　　　　　　　　　　　　　　　　　148 West 24th Street, 8th Floor
　　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10011
　　　　　　　　　　　　　　　　　　　　　　　　Tel.: 212-465-1188
　　　　　　　　　　　　　　　　　　　　　　　　Fax: 212-465-1181
　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff,*
　　　　　　　　　　　　　　　　　　　　　　　　*FLSA Collective Plaintiffs,*
　　　　　　　　　　　　　　　　　　　　　　　　*and Class Members*