

Nicholas A. Corsano
Tel 212.801.6827
Fax 212.801.6400
corsanon@gtlaw.com

March 29, 2024

**VIA ECF:**
Hon. Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re: Sandra Santos v. Lidl US, LLC d/b/a LIDL (the "Action")
Case No.: 2:24-cv-00611 (JMA) (ARL)**

Dear Judge Azrack:

This Firm represents Defendant Lidl US, LLC ("Lidl")[1] in the above-referenced Action. We write pursuant to Your Honor's Individual Rules of Practice Section IV(B), and submit a Pre-Motion Letter regarding Lidl's application to file a motion to dismiss the Complaint. The basis for Lidl's motion is as follows:

Ms. Santos alleges she worked as a "Store Clerk" for Lidl for five months between July 2021 and November 2021. She alleges two distinct claims arising from her employment.[2] First, Ms. Santos contends Lidl engages in "time-shaving." Specifically, she claims Lidl requires employees to arrive 15-minutes before their scheduled shift.[3] Due to this "policy," she claims Store Clerks who work opening shifts (like Ms. Santos) cannot always clock-in when they first arrive at work because the store remains locked from the prior night. Thus, these employees must wait for opening managers (key holders) to arrive and unlock the store before they can clock-in. Ms. Santos claims this 15-minute waiting period – to the extent it occurs - is compensable, and that Lidl's failure to pay for this time amounts to "time shaving," depriving her and others of pay, including overtime pay, and thus violates the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL).

Second, Ms. Santos claims she and other Lidl Cashiers, Stockers, and Self-Checkout Associates are "manual workers" under the NYLL, and thus, are required to be paid weekly. Ms. Santos alleges because Lidl paid her and the purported Class Members bi-weekly, Lidl violated

---

[1] Lidl is an incorrectly named party. Lidl US Operations, LLC, not Lidl, employed Plaintiff.
[2] She seeks to bring these claims on behalf of herself and purported Collective Plaintiffs and Class Members.
[3] Lidl has no official policy in this regard.

**Greenberg Traurig, LLP | Attorneys at Law**

One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

Albany. Amsterdam. Atlanta. Austin. Berlin¬. Boston. Charlotte. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London˚. Long Island. Los Angeles. Mexico City˚. Miami. Milan˚. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Portland. Sacramento. Salt Lake City. San Diego. San Francisco. Seoul˚. Shanghai. Silicon Valley. Singapore˚. Tallahassee. Tampa. Tel Aviv˚. Tokyo˚. Warsaw¬. Washington, D.C. West Palm Beach. Westchester County.

Operates as: ¬Greenberg Traurig Germany, LLP; ˚A separate UK registered legal entity; ˚Greenberg Traurig, S.C.; ˚Greenberg Traurig Santa Maria; ˚˚Greenberg Traurig LLP Foreign Legal Consultant Office; ˚Greenberg Traurig Singapore LLP; ^A branch of Greenberg Traurig, P.A., Florida, USA; ¤GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubegoshi Jimusho; ¬Greenberg Traurig Nowakowska-Zimoch Wysokiński sp.k.

www.gtlaw.com

ACTIVE 696299903v1

NYLL § 191's pay frequency requirements. This, she claims, entitles her and Class Members to damages for delayed payments.

I. <u>Ms. Santos' "Time-Shaving" Claims Fail</u>

Ms. Santos' "time-shaving" claims under the FLSA and NYLL fail because the alleged 15-minute period between arriving at work and clocking-in is not compensable. Under the FLSA, a plaintiff "must prove that [s]he performed work for which [s]he was not properly compensated, and that the employer had actual or constructive knowledge of that work." *Campbell v. Empire Merchs., LLC,* 2018 U.S. Dist. LEXIS 146510 at *14 (E.D.N.Y. Aug. 27, 2018); *citing Kuebel v. Black & Decker Inc.,* 643 F.3d 352, 361 (2d Cir. 2011). The Portal-to-Portal Act provides that employees are not entitled to compensation for "walking, riding, or traveling to and from the actual place of performance of the principal activity," or for "activities which are preliminary or postliminary to said principal activity" and which occur either prior to the time an employee commences, or subsequent to the time an employee ceases, such "principal activity or activities." *Id. citing* 29 U.S.C. § 254(a); *see also Gibbs v. City of New York,* 87 F. Supp. 3d 482, 491 (S.D.N.Y. 2015).

Ms. Santos waiting for the store's front door to be unlocked by a key holder before starting work is preliminary to the principal activities Lidl hired her to perform and is thus not compensable. *Integrity Staffing Solutions, Inc. v. Busk,* 135 S. Ct. 513, 516 (2014) is dispositive on this point. In that case, the Supreme Court considered whether certain activities were compensable work or excluded preliminary and postliminary activities. *Id*. The employees analyzed were warehouse workers hired to retrieve inventory and package it for shipment. As a theft prevention measure, the employees underwent security screenings at their shift's end. The Supreme Court stressed screenings of this nature were not the "principal activity or activities which the employee is employed to perform…Integrity Staffing did not employ its workers to undergo security screenings, but to retrieve products from warehouse shelves and package those products for shipment." *Busk,* 135 S. Ct. at 518 (quoting 29 U.S.C. § 254(a)(1)).[4] This reasoning applies equally here. Lidl did not employ Ms. Santos to wait in her car; but to perform the duties of a Store Clerk. Such waiting time is not an "integral and indispensable part" of Ms. Santos' principle work activities and is thus not compensable.[5]

II. <u>The Court Must Dismiss Ms. Santos' NYLL § 191 Class Claim Under the "First-Filed" Rule</u>

Ms. Santos also claims she and other similarly situated Lidl employees are manual workers under the NYLL and Lidl violated NYLL § 191 by paying their wages biweekly, rather than weekly. But Ms. Santos cannot maintain this claim on a class basis because it has already been asserted in a prior action against Lidl, currently pending in the Eastern District of New York. *See*

---

[4] *IBP, Inc. v. Alvarez,* 546 U.S. 21, 41 (2005), also supports this finding ("[m]ore pertinent…is the portion of § 790.7 that characterizes the time that employees must spend waiting to check in or waiting to receive their paychecks as generally a 'preliminary' activity covered by the Portal-to-Portal Act").

[5] Ms. Santos' NYLL time-shaving claim is co-extensive with her same claim under the FLSA. As such, her NYLL claim fails to state a viable claim in this regard. *See, e.g. Chase v. Madicorp,* 2024 U.S. Dist. LEXIS 34427 at 15 (Feb. 28, 20214)) (dismissing NYLL overtime and underpayment claims as coextensive to plaintiff's FLSA overtime claim, which court dismissed).

*August v. Lidl US, LLC et al.,* E.D.N.Y. Case No.: 2:22-cv-05180 (OEM) (ARL). As such, this Court must dismiss Ms. Santos' class allegations under the "first-to-file" rule.

The "first-to-file" rule instructs "where there are two [or more] competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Wyler-Wittenberg v. MetLife Home Loans, Inc.,* 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012); *citing First City Nat. Bank and Trust Co. v. Simmons,* 878 F.2d 76, 79 (2d Cir. 1989); *see also Taylor v. Rodriguez,* 238 F.3d 188, 197 (2d Cir. 2001) ("In administering its docket, a district court may dismiss a second suit as duplicative of an earlier suit…") (remaining internal citations omitted). Application of the rule does not require identical parties, but substantial overlap. *Id., citing Intema Ltd. v. NTD Labs., Inc.,* 654 F.Supp.2d 133, 141 (E.D.N.Y. 2009) (stating "first-filed" rule can be invoked where significant overlapping factual issues exist between the two pending cases). Here, Ms. Santos' NYLL § 191 claim is practically identical to Ms. August's, also pending in this District. Thus, Ms. Santos' NYLL § 191 claim on behalf of the purported Class cannot be maintained and must be dismissed.

III.  Ms. Santos Has No Private Right of Action to Pursue Her NYLL § 191 Claim

Impropriety of her class allegations aside, NYLL § 191 does not provide Ms. Santos with a private right of action for untimely paid wages. No express private right of action exists in the statute and based on prevailing New York law, the Court cannot rationally imply one. Indeed, the New York Supreme Court Appellate Division: Second Judicial Department in *Besante Fitzgerald Grant et al. v. Global Aircraft Dispatch, Inc.* (decided January 17, 2024), held (1) a late payment of all wages is not an "underpayment" of wages that triggers a right to liquidated damages under NYLL § 198; and (2) regardless, no private right of action exists for the claimed frequency of pay violation pursuant to NYLL § 191.[6] This Court should dismiss Ms. Santos' NYLL § 191 claim pursuant to *Grant's* reasoning.

Respectfully submitted,

*s/ Nicholas A. Corsano*
Nicholas A. Corsano

---

[6] The *Grant* ruling is in sharp contrast to the First Department's ruling in *Vega v. CM & Assoc. Constr. Mgt., LLC,* which interpreted NYLL § 198 as authorizing a private right of action to recover damages for manual workers paid biweekly. The Court of Appeals is sure to reject *Vega* and Lidl submits this Court should do the same.