| UNITED STATES DISTRICT COURT | |
|---|---|
| EASTERN DISTRICT OF NEW YORK | For Online Publication Only |

---------------------------------------------------------------------X

SANDRA SANTOS, on behalf of herself,
FLSA Collective Plaintiffs, and Class
Members,

                                Plaintiff,            **MEMORANDUM & ORDER**

                                                            24-CV-00611 (JMA) (ARL)

        -against-

LIDL US, LLC d/b/a LIDL,

                              Defendant.

---------------------------------------------------------------------X

**AZRACK, United States District Judge:**

        Plaintiff Sandra Santos ("Plaintiff") brings several employment-related claims against Defendant Lidl US, LLC ("Defendant"). (See ECF No. 1.) These claims include (1) "time-shaving" claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); and (2) failure to timely pay wages pursuant to NYLL § 191. (See id.) Plaintiff also seeks to bring her claims for relief as an FLSA collective action and as a Rule 23 Class action. (Id.) Defendant moves to dismiss these claims as legally insufficient pursuant to Rule 12(b)(6).[1] (See ECF No. 19 ("Def. Br.").) For the reasons that follow, Defendant's motion to dismiss is granted.

        **I.**        **BACKGROUND**[2]

        Plaintiff worked as a Store Clerk and Stocker for Lidl for five months between July 2021 and November 2021. (Compl. ¶ 23.) During the initial six weeks of that time, she received training at Lidl's store at 725 Sunrise Hwy, West Babylon, New York. (Id.) Plaintiff worked for the

---

[1] Defendant also moves to dismiss a claim under New York's Wage Theft Prevention Act even though Plaintiff does not affirmatively assert such a claim in the Complaint. (Def. Br. at 6-7.) Plaintiff's Opposition does not put forth any arguments regarding such a claim, and therefore any such claim is deemed abandoned. (See ECF No. 20 ("Pl. Opp.")); see also Jackson v. Fed. Express, 766 F.3d 189, 198 (2d Cir. 2014).

[2] The facts set forth in this Opinion are drawn from Plaintiff's Complaint, (ECF No. 1 ("Compl.")), and the parties' submissions in connection with Defendants' motions to dismiss.

remainder of her employment at Lidl's other West Babylon store at 531 Montauk Hwy, West Babylon, New York. (Id.)

While working at the West Babylon store, Plaintiff alleges that Defendant scheduled her to work shifts, starting at 5:00 a.m., before Defendant's stores are open for business. (Id. ¶ 33.) Defendant allegedly requires employees to arrive 15 minutes before the start of their scheduled shift. (Id.) Due to this policy, Plaintiff alleges that she and other Store Clerks who work opening shifts cannot always clock-in when they first arrive at work because the store remains locked from the prior night. (Id. ¶ 34.) Thus, these employees must wait for opening managers (key holders) to arrive and unlock the store before they can clock-in. (Id.) Plaintiff alleges that the scheduled opening manager regularly did not arrive until 5:00 a.m. or later. (Id. ¶ 35.) Plaintiff alleges managers were late to unlock the store approximately once per week, resulting in 15 minutes of unpaid wages every week between October 22, 2021 and November 19, 2021. (Id. ¶ 37.)

Plaintiff alleges that Defendant knew that Plaintiff and other similarly situated employees were being "timeshaved" regularly because the employees were required to arrive at work 15 minutes before their scheduled shift start times but were unable to clock in despite complying with Defendant's rules regarding their arrival times. (Id. ¶ 36.) Plaintiff claims this weekly 15-minute waiting period is compensable, and that Defendant's failure to pay for this time amounts to time shaving, depriving her and others of pay, including overtime pay, and thus violating the FLSA and NYLL. (Id. ¶¶ 44, 54.)

Plaintiff also alleges that she and other Lidl Cashiers, Stockers, and Self-Checkout Associates are "manual workers" under the NYLL, and thus, per Section 191 of the NYLL, Defendant had to pay her and the others weekly. (Id. ¶¶ 13, 26.) In other words, Plaintiff asserts that over 50% of her job duties consisted of purported physical work, such that she and others constitute "manual workers" pursuant to New York Labor Law. (Id. ¶¶ 27-28.) Because Defendant

2

paid her and the purported Class Members bi-weekly, Plaintiff claims Defendant violated Section 191's pay frequency requirements for manual workers. (Id. ¶ 26.) Plaintiff therefore alleges that she and Class Members are entitled to damages for delayed payments in the form of liquidated damages for every other week of pay. (Id.)

Defendant filed a motion to dismiss pursuant to 12(b)(6), arguing: (1) that Plaintiff's "time-shaving" claims (Counts I and II) fail because the purported 15-minute period between arriving at work and clocking-in is not compensable time under the Fair Labor Standards Act ("FLSA") or New York Labor Law ("NYLL"); and (2) Plaintiff's NYLL § 191 claims fail because there is no private right of action to pursue such claims. (Def. Br. at 1.) Additionally, Defendant argues that even if Section 191 contained a private right of action, Ms. Santos cannot maintain a NYLL §191 claim on a class basis due to the "first-filed" rule. (Id.) Finally, Defendant argues that if the Court dismisses Plaintiff's FLSA claim, it should also dismiss her NYLL § 191 claim for lack of subject matter jurisdiction. (Id.)

## II.     LEGAL STANDARDS

### A.     Failure to State a Claim

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Courts evaluate motions under Rule 12(b)(6) by determining whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). That standard requires the Court to accept as true all well-pled factual allegations in the Complaint and consider documents attached to that pleading, materials incorporated by reference in or integral to that pleading, and matters of which the court may take judicial notice. See Clark v. Hanley, 89 F.4th 78, 93 (2d Cir. 2023). The Court need not accept conclusory assertions, legal conclusions, or formulaic recitation of a claim's elements. See,

3

e.g., In re Facebook, Inc., IPO Derivative Litig., 797 F.3d 148, 159 (2d Cir. 2015). To be sure, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 664; see also id. at 678 (explaining that a complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Determining whether the Complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 664.

### III. DISCUSSION

#### A. Plaintiff's Time-Shaving Claims Fail

Plaintiff grounds her FLSA and NYLL wage payment claims in the allegation that Defendant did not pay her for time she spent waiting to enter the store (allegedly 15-minutes, once per week) between arriving at work and clocking-in. (Compl. ¶ 37.) However, such time is not compensable under federal or state law, and Plaintiff's time-shaving claims therefore fail.

Under the FLSA, a plaintiff "must prove that [s]he performed work for which [s]he was not properly compensated, and that the employer had actual or constructive knowledge of that work." Campbell v. Empire Merchants, LLC, No. 16-CV-5643, 2018 WL 5456666, at *5 (E.D.N.Y. Aug. 27, 2018), report and recommendation adopted, 2019 WL 2206065 (E.D.N.Y. May 22, 2019) (citing Kuebel v. Black & Decker Inc., 643 F.3d 352, 361 (2d Cir. 2011)). The Portal-to-Portal Act expressly states employees are not entitled to pay for time spent "walking, riding, or traveling to and from the actual place of performance of the principal activity," or for "activities which are preliminary or postliminary to said principal activity" and which occur either before an employee commences, or after the employee ceases, such "principal activity or activities." Id. (citing 29 U.S.C. § 254(a)); see also Gibbs v. City of New York, 87 F. Supp. 3d 482, 491 (S.D.N.Y. 2015).

Plaintiff's time spent waiting for a manager to unlock the store's front door before starting work is preliminary to the principal activities Defendant hired her to perform and is thus not compensable. In Integrity Staffing Sols., Inc. v. Busk, 574 U.S. 27, 29 (2014), the Supreme Court considered whether certain activities were compensable work or excluded preliminary and postliminary activities. In Busk, warehouse workers hired to retrieve inventory and package it for shipment were required to undergo security screenings at their shift's end. Id. The Supreme Court stressed that screenings of this nature were not the "principal activity or activities which the employee is employed to perform . . . [Defendant] did not employ its workers to undergo security screenings, but to retrieve products from warehouse shelves and package those products for shipment." Id. at 35 (quoting 29 U.S.C. § 254(a)(1)). The Supreme Court's decision in IBP, Inc. v. Alvarez, 546 U.S. 21, 41 (2005) also supports this finding, noting: "[m]ore pertinent . . . is the portion of § 790.7 that characterizes the time that employees must spend waiting to check in or waiting to receive their paychecks as generally a 'preliminary' activity covered by the Portal-to-Portal Act."

Defendant did not employ Ms. Santos to wait in her car outside of Defendant's place of employment before her shift began. Rather, Defendant hired her to be a store clerk and stocker. (See Compl. ¶ 23.) Such waiting time is not an "integral and indispensable part" of Ms. Santos' principle duties as a store clerk and stocker and is therefore not compensable. Courts in this Circuit have reached the same conclusion in circumstances similar to these. See, e.g., Chase v. Madicorp, 2024 WL 841266, at *4 (N.D.N.Y. Feb. 28, 2024) (holding pre-shift waiting time preliminary to plaintiff's principal activities and thus not compensable under FLSA); Haight v. The Wackenhut Corp., 692 F.Supp.2d 339, 346 (S.D.N.Y. 2010) ("waiting time before any principal activity has taken place to effectively start the workday is not compensable under the FLSA"); Gorman v. Consol. Edison Corp., 488 F.3d 586, 593 (2d Cir. 2007) (stating preliminary worksite activities

5

may be "necessary in the sense that they are required and serve essential purposes . . . but they are not integral to principal work activities").

Moreover, because Ms. Santos' NYLL time-shaving claim is coextensive with her same claim under the FLSA, both claims fail to state viable claims. See, e.g., Madicorp, 2024 WL 841266, at *5 (dismissing NYLL overtime and underpayment claims where such claims were coextensive with plaintiff's FLSA overtime claim, which court properly dismissed). Therefore, Plaintiff's FLSA and NYLL time-shaving claims are dismissed.

### B. The Court Declines to Exercise Supplemental Jurisdiction over Plaintiff's NYLL § 191 Claims

Turning to Plaintiff's NYLL § 191 claims, the Court finds that Plaintiff has not established federal subject matter jurisdiction over these claims and declines to exercise supplemental jurisdiction over them.[3] As analyzed above, Plaintiff has not alleged a plausible FLSA claim. With this failing, this case no longer concerns a federal question, and since Plaintiff has not sufficiently alleged diversity or CAFA jurisdiction, the Court must dismiss these claims.

The Second Circuit has repeatedly stated that "if a plaintiff's federal claims are dismissed before trial, 'the state claim should be dismissed as well.'" Brzak v. United Nations, 597 F.3d 107, 113-14 (2d Cir. 2010)). Indeed, where a motion to dismiss eliminates a plaintiff's federal law claims before investment of significant judicial resources, the balance of factors (judicial economy, convenience, fairness, and comity) point to the court declining to exercise jurisdiction over the remaining state-law claims. See id.; see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the

---

[3] Given that the Court finds Plaintiff's NYLL § 191 claims lack subject matter jurisdiction and declines to exercise supplemental jurisdiction over them, it does not need to address Defendants' other arguments that Plaintiff does not have a private right of action under NYLL § 191 and that the "First-Filed" Rule requires dismissal of Plaintiff's NYLL § 191 Class Claims. (See Def. Br. at 7-10.)

6

remaining state-law claims."). This is because at the motion to dismiss stage, the Court can discern no extraordinary inconvenience or inequity occasioned by permitting the claims to be refiled in state court. See Lilly v. Swick, No. 19-CV-176, 2023 WL 3559698, at *2 (W.D.N.Y. May 18, 2023) (citing Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 123 (2d Cir. 2006)).

Due to the failure of Plaintiff's FLSA claim and the fact that this case is at the motion to dismiss stage, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Moreover, to the extent Plaintiff attempts to invoke diversity or CAFA jurisdiction, she has not sufficiently alleged subject matter jurisdiction on these bases either. It is Plaintiff's burden to establish that she can meet all the required elements of subject matter jurisdiction. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) ("The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists."). Here, Plaintiff's Complaint is devoid of any alleged amount in controversy, much less the requisite amount necessary to sustain diversity jurisdiction. Plaintiff's opposition does not contend that she has sufficiently alleged an amount of controversy to establish diversity jurisdiction based on her individual claim. (See Pl. Opp. at 13.) Instead, Plaintiff alleges for the first time that the Court has CAFA jurisdiction over her NYLL claims. (Id.) However, Plaintiff does not plead CAFA jurisdiction as a basis for this Court's jurisdiction in the Complaint and may not do so for the first time in opposition to Defendant's Motion. See K.D. ex rel. Duncan v. White Plains Sch. Dist., 921 F.Supp.2d 197, 209 n.8 (S.D.N.Y. 2013) (holding plaintiffs cannot amend complaint by asserting new facts or theories in opposition to motion to dismiss). Nor does Plaintiff allege facts in the Complaint that could establish a basis for CAFA jurisdiction. Based on her failure to plead CAFA as a basis for jurisdiction in the first instance, and her failure to allege facts sufficient to "plausibly show any amount in controversy of more than $75,000" for any state law claim she may have individually, the Court dismisses Plaintiff's remaining state law claims without prejudice for want of federal jurisdiction. See Ulmer

v. StreetTeam Software, LLC, No. 22-CV-5662, 2023 WL 2306020 at *1 (E.D.N.Y. Feb. 28, 2023) (citing Pratt v. Kilo Int'l, LLC, 2015 WL 1034406, at *4 (E.D.N.Y. Mar. 10, 2015) (stating failure to allege requisite amount in controversy requires dismissal).

## IV.   CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted.  Plaintiff's FLSA and NYLL time-shaving claims are dismissed with prejudice, and Plaintiff's NYLL § 191 claims are dismissed without prejudice.  The Clerk is respectfully directed to terminate ECF No. 17, enter judgment, and close this case accordingly.

**SO ORDERED.**

Dated:   September 10, 2025
            Central Islip, New York

                                                            /s/ (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE