UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

FILED
CLERK
10/14/2025 2:10 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

-----------------------------------------------------------------------X
SANDRA SANTOS, on behalf of herself,
FLSA Collective Plaintiffs, and Class
Members,

                        Plaintiff,

**MEMORANDUM & ORDER**
24-CV-00611 (JMA) (ARL)

-against-

LIDL US, LLC d/b/a LIDL,

                        Defendant.
-----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Presently before the Court is Plaintiff's motion for reconsideration of this Court's September 10, 2025 Order granting Defendant's Motion to Dismiss Plaintiff's Complaint. (See ECF No. 23.) According to Plaintiff, the Court's dismissal of Plaintiff's time shaving claims was a clear error of law that is in need of correction. (See ECF No. 26.) Defendant responds that the Court did not err in granting Defendant's motion and that Plaintiff's motion for reconsideration should be denied in its entirety. (See ECF No. 29.) Plaintiff has not met her burden to demonstrate that the Court's ruling was "clear error" or a "manifest injustice." (ECF No. 29 at 5.) For the following reasons, Plaintiff's motion for reconsideration is denied.

## I.     DISCUSSION

### A. Motion for Reconsideration

"[A] motion for reconsideration 'is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.' Notably, 'a party may not advance new facts, issues, or arguments not previously presented to the Court on a motion for reconsideration.' Put simply, a reconsideration motion is not appropriate to simply secure a 'do-over.'" Superb Motors Inc. v. Deo, No. 23-CV-

6188, 2025 WL 1456754, at *2 (E.D.N.Y. May 21, 2025) (citing Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple)).

The standard for a motion for reconsideration is "strict." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "Reconsideration is warranted only when: (i) the moving party points to an intervening change in controlling law, (ii) newly available evidence is identified, (iii) clear error is established, or (iv) reconsideration is necessary to avoid a manifest injustice." Superb Motors Inc., 2025 WL 1456754, at *2.

### B. The Court's Ruling Does Not Constitute Clear Error or Manifest Injustice

Despite Plaintiff's arguments to the contrary, Plaintiff has not met the high standard for showing that reconsideration is warranted, and the Court's decision was neither "clear error" nor a "manifest injustice." Plaintiff reiterates the same arguments set forth in her Opposition to the Motion to Dismiss, (see ECF No. 20), which the Court already reviewed and rejected. In support of her "time shaving" claims, Plaintiff alleges that Defendant required her to arrive 15 minutes before the start of her scheduled, 5:00 a.m., opening shift, and that on four occasions over a four-week period, her manager arrived at or about 5:00 a.m. to open the store, resulting in Plaintiff waiting in the parking lot for about 15 minutes until the store was unlocked. (Compl. ¶¶ 33-35.) Therefore, Plaintiff alleges that she should be compensated for the four times over the month-long period during which she had to wait 15 minutes for the store to be unlocked. (Compl. ¶¶ 44, 53.) However, as Defendant argued in its Motion to Dismiss and as the Court already determined, any time Plaintiff allegedly spent waiting in her car for the store to be unlocked is preliminary to her principal work duties and is not compensable under the FLSA or the NYLL.

Plaintiff's disagreement with the Court's reasoning does not establish any legal error or oversight. Moreover, Plaintiff fails to present any intervening change in controlling law, any new evidence, or any indication of clear error by the Court. Instead, Plaintiff repeats her previous attempts to distinguish three cases cited by Defendant and relies on four cases of her own—three of which were already cited in Plaintiff's Opposition to the Motion to Dismiss and found to be unpersuasive. As discussed in the Court's Order, Plaintiff's time spent waiting in her car before her shift is not an "integral and indispensable part" of Ms. Santos' principle duties as a store clerk and stocker and is therefore not compensable. Courts in this Circuit have reached the same conclusion in circumstances similar to these. See, e.g., Chase v. Madicorp, 2024 WL 841266, at *4 (N.D.N.Y. Feb. 28, 2024) (holding pre-shift waiting time preliminary to plaintiff's principal activities and thus not compensable under FLSA); Haight v. The Wackenhut Corp., 692 F.Supp.2d 339, 346 (S.D.N.Y. 2010) ("waiting time before any principal activity has taken place to effectively start the workday is not compensable under the FLSA"); Gorman v. Consol. Edison Corp., 488 F.3d 586, 593 (2d Cir. 2007) (stating preliminary worksite activities may be "necessary in the sense that they are required and serve essential purposes . . . but they are not integral to principal work activities"). Plaintiff's motion for reconsideration does not address this precedent meaningfully, nor does it distinguish these cases from the instant case.

Plaintiff's claim that Defendant required her to arrive 15 minutes before her shift does not change the outcome. The Supreme Court highlighted this point in Integrity Staffing Sols., Inc. v. Busk, 574 U.S. 27, 36 (2014). In Busk, the Supreme Court stressed that it is an error to "focus[] on whether an employer *required* a particular activity." Id. (emphasis in original). "If the test could be satisfied merely by the fact that an employer required an activity, it would sweep into 'principal activities' the very activities that the Portal-to-Portal Act was designed to address." Id. Indeed, the Supreme Court found the mere fact that time spent on preliminary activities may

3

benefit the employer is an insufficient basis for requiring compensation, explicitly stating "[a] test that turns on whether the activity is for the benefit of the employer is . . . overbroad." Id.; see also Gibbs v. City of New York, 87 F. Supp. 3d 482, 491 (S.D.N.Y. 2015) ("Integrity Staffing [teaches that] whether a particular activity is 'required' or 'for the benefit' of an employer is not the appropriate question under the Portal-to-Portal Act . . . rather, the appropriate question . . . is whether the particular activity is among the 'principal activit[ies] . . . which [the] employee is employed to perform"). Here, although Plaintiff contends her early arrival benefited Defendant, this does not disturb the finding that her alleged waiting time is non-compensable under the Portal-to-Portal Act because it was not an intrinsic element of her principal activities.

Furthermore, the cases cited by Plaintiff in support of her motion are not analogous to this case and do not support her position. As Defendant noted in its Reply in Support of its Motion to Dismiss, Armour & Co. v. Wantock, 323 U.S. 126, 133 (1944); Donovan v. 75 Truck Stop, Inc., No. 80-9-CIV-OC, 1981 WL 2333, at *12 (M.D. Fla. July 20, 1981); and Moon v. Kwon, 248 F. Supp. 2d 201, 230 (S.D.N.Y. 2002), are all cases discussing compensable wait time *after* employees had already clocked-in and performed principal activities of their employment. Similarly, Plaintiff's reliance on Lassen v. Hoy Livery, Inc., 120 F. Supp. 3d 165, 175 (D. Conn. 2015) is misplaced. In Lassen, the plaintiff was a limousine driver, and the waiting time at issue was time spent waiting for passengers *during* his shift—waiting time that was directly related to his principal job duties because driving those passengers was the principal activity he was hired to perform. In stark contrast, Plaintiff's time spent waiting in the parking lot on certain occasions was not directly related to her principal duties as a store clerk and stocker.

Unlike the plaintiffs in Armour, Donovan, Moon and Lassen, Plaintiff's physical presence in the parking lot for 15 minutes before her shift on four occasions had no relation whatsoever to

4

the principal activities Defendant hired her to perform.[1]  Therefore, Plaintiff's reliance on these cases is unavailing, and these cases do not change or otherwise impact the basis of the Court's decision in its Order on the Motion to Dismiss.[2]

## II.   CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's motion for reconsideration. The Clerk of the Court is respectfully directed to terminate ECF No. 25.

**SO ORDERED.**

Dated:   October 14, 2025
           Central Islip, New York

                                                  /s/ (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE

---

[1] As Defendant noted in its Reply in Support of its Motion to Dismiss, even if the waiting time alleged by Plaintiff was deemed integral and indispensable to her principal employment activities, there is an alternative basis for finding the time non-compensable because it was *de minimis*. Haight, 692 F. Supp. 2d at 345 (citing Gorman v. Consolidated Edison Corp., 488 F.3d 586, 594 (2007). The factors the Court should consider are: (1) the practical administrative difficulty of recording the additional time; (2) the size of the claim in the aggregate; and (3) whether the claimants perform the work on a regular basis. Id. Here, all factors weigh in favor of finding any alleged waiting time non-compensable, and Plaintiff's time-shaving claims would be subject to dismissal regardless. (See ECF No. 21.)

[2] Since the Court finds that Plaintiff has failed to state a claim under the FLSA, Plaintiff's Motion for Reconsideration is denied with respect to the NYLL claims as well, for the same reasons stated in the Court's September 10, 2025 Order. (See ECF No. 23.)